IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARNULFO ACOSTA, | § | |
| Reg. No. 94381-198, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-12-CV-78-KC |
| | § | |
| RACHEL CHAPA,[1] Warden, | § | |
|     Respondent. | § | |

### ORDER GRANTING IN PART RESPONDENT'S
### MOTION TO ALTER OR AMEND JUDGMENT

In a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) [ECF No. 20],[2] Respondent Rachel Chapa ("Chapa"), the Warden at the La Tuna Federal Correctional Institution in Anthony, Texas, asks the Court to vacate its memorandum opinion and order [ECF No. 16] and final judgment [ECF No.17] granting Petitioner Arnulfo Acosta ("Acosta") relief on his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [ECF No. 7]. She also asks the Court to grant her motion for summary judgment.

In her motion to alter or amend, Chapa raises four grounds for relief. First, she asserts "[t]he Court [incorrectly] resolved the summary judgment in favor of Acosta based on Acosta's belief that he 'had no choice' and thus was coerced."[3] Second, she maintains the Bureau of Prisons ("BOP") "does not violate a court order by having a prisoner pay a fine at a higher rate than what was ordered by the sentencing court" in order to participate in the Inmate Financial

---

[1] Rachel Chapa is substituted for M. Travis Bragg by operation of law pursuant to Fed. R. Civ. P. 25(d).

[2] "ECF No." in this context refers to the electronic case filing number for documents docketed in EP-12-CV-78-KC.

[3] Mot. to Reconsider 3.

Responsibility Program ("IFRP").[4]  Third, she adds "[t]he Fifth Circuit has found that the penalties imposed upon a prisoner (who refuses to participate in the IFRP) are not a constitutional violation."[5]  Finally, she asserts the return of money is not an appropriate remedy under habeas corpus.[6]  For the reasons outlined below, the Court will vacate in part its memorandum opinion and order and final judgment, and it will not require Chapa to make restitution to Acosta for excess funds collected from him under the IFRP.

Federal Rule of Civil Procedure 59 permits a party to file "a motion to alter or amend a judgment" within twenty-eight days of a court's entry of final judgment.[7]  "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'"[8]  It does not exist to give a movant a "second bite at the apple."[9]  It does not "enable a party to complete presenting his case after the court has ruled against him."[10]  It does, however, allow a party to "'call[ ] into question the correctness of a judgment.'"[11]  Accordingly, Rule 59(e) permits

---

[4] *Id*. at 4.

[5] *Id*. at 5.

[6] *Id*. at 6.

[7] Fed. R. Civ. P. 59(e).

[8] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[9] *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'—and we in no way depart from that basic principle.").

[10] *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).

[11] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d at 581).

a court to alter or amend a judgment due to (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.[12] In other words, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"[13] Furthermore, a district court has great discretion when considering whether or not to approve a Rule 59(e) motion.[14]

In her motion, Chapa first claims "[t]he Court resolved the summary judgment in favor of Acosta based on Acosta's belief that he 'had no choice' and thus he was coerced."[15] Chapa maintains the Third, Tenth, and Seventh Circuit Courts of Appeal have held in unpublished opinions "that as a matter of law, not receiving certain privileges or benefits (as a result of not participating in the IFRP) does not amount to 'coercion.'"[16] By the very fact these opinions are

---

[12] *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[13] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[14] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[15] Mot. to Reconsider 3.

[16] *Id.* (citing *Duronio v. Werlinger*, 454 F. App'x 71, 73 n.4 (3d Cir. 2011) ("Throughout, Duronio has maintained that he was functionally 'coerced' into entering the IFRP program. As we have explained, however, the penalties associated with 'IFRP refuse' status are 'reasonably related to legitimate penological interests.' To that end, we cannot find that he was coerced into IFRP compliance.") (citations omitted); *Davis v. Wiley*, 260 F. App'x 66, 69 (10th Cir. 2008) ("And while Davis's refusal to participate in the IFRP is not without consequences, the benefits that can be denied are not constitutionally guaranteed. Moreover, mere inducements—such as the BOP's threat to alter Davis's place of confinement-without more, do[ ] not infringe on a prisoner's protected liberty interest. In sum, the BOP is thus within its constitutional authority to establish and enforce payment amounts Davis must make towards the court-ordered special

not precedential, they do not bind the Court.

Contrary to Chapa's assertion, the Court granted Acosta relief after it concluded the BOP had usurped a core judicial power established in the Mandatory Victims Restitution Act ("MVRA")[17] that only an Article III judge may exercise.[18] The Court explained that under the MVRA, "scheduling . . . restitution payments is non-delegable [and] the district court must determine the restitution payment schedule."[19] Here, the sentencing court specifically ordered Acosta to pay "restitution in the amount of $20,000,000.00 . . . payable forthwith or through the Inmate Financial Responsibility Program at the rate of $25.00 per quarter during the period of incarceration . . ."[20] Notably, the sentencing court did *not* order Acosta to pay a minimum of $25.00 per quarter and afford BOP employees the opportunity to negotiate higher periodic payments based on Acosta's "obligations and resources."[21] Thus, the sentencing court did *not*

---

assessment and restitution.") (quotation marks and citations omitted); *United States v. Neal*, 207 F. App'x 700, 702 (7th Cir. 2006) ("Neal did not have to let the BOP manage the payment of his financial penalties. Had he chosen not to, however, he might be delinquent on the obligations imposed by his sentence and would be subject to deprivation of certain privileges as a result. That does not amount to coercion or make his contract with the BOP illegal.") (citations omitted).

[17] 18 U.S.C. §§ 3663A–3664 (2006).

[18] Mem. Op. and Order 9.

[19] *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) ("The Mandatory Victims Restitution Act . . . charges the district court with fixing the terms for making restitution. . . . Other circuits have concluded that this responsibility is non-delegable. We agree. The language of the MVRA is categorical. Under the MVRA, the district court is ultimately responsible for setting a schedule for making restitution.").

[20] Am. J., *Acosta*, 3:05-CR-1570-W (S.D. Cal. Nov. 16, 2010).

[21] 28 C.F.R. § 545.11(b)(1).

grant the BOP the discretion to negotiate a higher payment. When the BOP employees obtained Acosta's agreement to pay "$100.00 monthly toward his restitution"[22] in exchange for their promises not to withhold privileges, they usurped a core judicial power established in the MVRA.[23] Their actions, therefore, were not "in accordance with law,"[24] and Acosta was entitled to § 2241 relief.

Second, Chapa maintains the BOP "does not violate a court order by having a prisoner pay a fine at a higher rate than what was ordered by the sentencing court" in order to participate in the IFRP.[25] Chapa cites *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008), to support her claim. In *Lemoine*, "the district court required that Lemoine pay restitution during his imprisonment '*at the rate of not less than $25 per quarter* . . . pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.'"[26] The Ninth Circuit held "where the district court has properly set a restitution repayment schedule as required under the MVRA, the BOP has the authority to encourage voluntary payments in excess of those required under the court's judgment by conditioning the receipt of certain privileges during the term of imprisonment on the inmate's

---

[22] Resp't's Mot. for Summ. J. 4.

[23] *United States v. Miller*, 77 F.3d 71, 77 (4th Cir. 1996) ("[T]he statutory duty imposed upon district courts under 18 U.S.C.A. § 3663(f)(1) . . . 'to fix the terms of restitution must be read as exclusive because the imposition of a sentence, including any terms for probation or supervised release, is a core judicial function.'") (quoting *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995)).

[24] 5 U.S.C. § 706(2)(a) (2006); *United States v. Hayman*, 342 U.S. 205, 211–12 & n.11 (1952).

[25] Mot. to Reconsider 4.

[26] *Lemoine*, 546 F.3d at 1044 (emphasis added).

participation in the IFRP."[27] In the instant case, the sentencing court specifically ordered Acosta to pay "restitution . . . *at the rate of $25.00 per quarter during the period of incarceration* . . ."[28] Thus, unlike the sentencing court in *Lemoine*, the sentencing court in the instant case did not grant the BOP the discretion to negotiate a higher payment for Acosta.

Third, Chapa avers "[t]he Fifth Circuit has found that the penalties imposed upon a prisoner (who refuses to participate in the IFRP) are not a constitutional violation."[29] Acosta does not challenge the constitutionality of the BOP's authority, generally, to use the IFRP to collect fines or restitution assessed against him by the sentencing court while he is incarcerated. Moreover, the Court never suggested that denying benefits to prisoners who refused to participate in the IFRP was unconstitutional.

Finally, Chapa asserts the return of money is not an appropriate remedy under habeas corpus.[30] In support of this claim, she cites an unpublished opinion from the United States District Court for the Northern District of West Virginia, *Dobbins v. Deboo*, Civil Action 2:09-CV-64, 2009 WL 3584004 (N.D. W.Va. Oct. 28 2009). In *Dobbins*, the Court opined:

> [T]he reimbursement of restitution payments are simply not available to petitioners filing under § 2241. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriquez*, 411 U.S. 475, 494 (1973). Furthermore, as noted by the respondent, reimbursement is impossible. Altough [sic] the IFRP is a means for the BOP to collect criminal monetary penalties imposed by the judiciary, the BOP does not keep the funds collected. Instead, the funds are delivered

---

[27] *Id*. at 1059.

[28] Am. J., *Acosta*, 3:05-CR-1570-W (S.D. Cal. Nov. 16, 2010) (emphasis added).

[29] Mot. to Reconsider 5 (citing *Jones v. Fox*, 453 F. App'x 471, at *1 (5th Cir. 2011)).

[30] Mot. to Reconsider 6.

[to] the District Court Clerk.  Therefore, the BOP no longer has the funds collected from the petitioner through the IFRP.[31]

The Court fully recognizes that "[i]n the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."[32] Moreover, the Court reviewed a sampling of other cases addressing similar claims and found no authority to order restitution under the circumstances in this case.[33] In one case, *Calvert v. Daniels*, 2007 WL 201067 (D. Or. Jan. 16, 2007), the district court specifically denied, without explanation, "petitioner's motions to expand the relief requested to the recovery of monetary damages."[34] In an abundance of caution—and in order to correct what may be a clear error of law—the Court will grant Chapa relief on this ground.

Accordingly, after due consideration, the Court enters the following orders:

---

[31] *Dobbins*, 2009 WL 3584004, at *6. Chapa also claims "these funds are not in the control of the BOP. . . . These funds have been forwarded to the District Clerk's office for disbursement to Petitioner's victims . . ." Mot. to Reconsider 6–7. However, she fails to come forward with competent evidence, such as affidavits or depositions, to buttress her claim. *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Accordingly, the Court will not address it.

[32] *Preiser*, 411 U.S. at 494.

[33] *See Maciejewski v. Daniels*, 2008 WL 6489689 (D. Or. March 7, 2008); *Aklestad v. Daniels*, 2008 WL 199909 (D. Or. Jan 17, 2008); *Darland v. Daniels*, 2007 WL 4563667 (D. Or. Dec. 20, 2007); Purteman v. Daniels, 2007 WL 4563641 (D. Or. Dec. 20, 2007); *White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels*, 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels*, 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels*, 2007 WL 2608312 (D. Or. Sep. 3, 2007); *Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Calvert v. Daniels*, 2007 WL 201067 (D. Or. Jan. 16, 2007); *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. 2006).

[34] *Calvert*, 2007 WL 201067, at *4.

1.  The Court **GRANTS IN PART AND DENIES IN PART** Respondent Rachel Chapa's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) [ECF No. 20].

2.  The Court **VACATES** only those portions of its memorandum opinion and order [ECF No. 16] and final judgment [ECF No. 17] which required Respondent to reimburse Petitioner Arnulfo Acosta's trust account, on or before March 1, 2013, with all restitution payments collected under the Inmate Financial Responsibility Program in excess of the amounts established in the original and amended judgments in Case Number 3:05-CR-1570-W in the United States District Court for the Southern District of California.

3.  The Court **DENIES** Respondent Rachel Chapa all other relief.

4.  The Court **DENIES** all other pending motions as moot.

**SO ORDERED**.

**SIGNED** this 4th day of **March 2013**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE